FIKE, APPELLEE, *v.* LENNEX, APPELLANT.

(No. 4759—Decided February 23, 1954.)

*Mr. Walter Kohn,* for appellee.
*Mr. S. A. Fazekas,* for appellant.

FESS, J. This is an appeal on questions of law from a judgment of the Common Pleas Court dismissing appellant's appeal from a judgment entered by the Toledo Municipal Court. The first problem confronting us is whether the appellant may take an appeal from the Common Pleas Court to this court. The Uniform Municipal Court Act affords a party to an action in the Municipal Court an election to appeal either to the Common Pleas Court or to the Court of Appeals. No provision is made in this act for a second appeal from a judgment entered by the Common Pleas Court. However, until such time as the General Assembly shall implement the provisions of the 1944 amendment of Section 6 of Article IV of the Constitution, the Court of Appeals retains jurisdiction to review judgments of the Court of Common Pleas, notwithstanding the action originated in the Municipal Court. *United Distillers Co. v. Zeisler,* 97 Ohio St., 62, 119 N. E., 139.

The notice of appeal designates a judgment of the Municipal Court entered on April 20, 1953, and a judgment of the Common Pleas Court dismissing the appeal on November 4, 1953. The designation of the Mu-

nicipal Court judgment will, as of course, be disregarded.

The record in the Common Pleas Court discloses the following:

May 23, 1953: Transcript of proceedings from Municipal Court and bill of exceptions filed.

August 14, 1953: Motion of appellee to dismiss appeal for failure to file assignments of error and brief filed.

August 20, 1953: Leave granted appellant to file brief on the merits by September 3, 1953.

September 3, 1953: Assignments of error and brief filed.

September 16, 1953: Brief of appellee filed.

October 27, 1953: Motion of the appellee for oral hearing on appellant's appeal granted and hearing set for November 2, 1953.

November 4, 1953: Journal entry reciting that the cause came on for hearing on November 2, 1953, on motion of appellee to dismiss the appeal and ordering that the appeal be dismissed and cause remanded to the Municipal Court for execution.

Rule 17 of the Common Pleas Court provides that assignments of error, briefs and bill of exceptions shall be filed within 50 days after the filing of notice of appeal. The rule provides further:

"Applications for extension or shortening of time in which to file briefs in any cause shall be by motion. The court on its own motion may extend or shorten the time for filing any and all briefs."

For all that appears in the record, an extension was granted appellant to file his briefs, and the appeal was set for hearing on its merits. Prior to granting the extension, the court could have properly granted the motion to dismiss the appeal, but having granted the extension and set the appeal for hearing on its merits, it was the duty of the court to determine the appeal

and its action in dismissing it was prejudicial to the right of appellant to a review of the judgment rendered against him.

The judgment dismissing the appeal is reversed, and the cause is remanded to the Court of Common Pleas for further proceedings.

*Judgment reversed.*

Conn and Deeds, JJ., concur.